CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 26 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK LAMONT NEAMO,<br>    Petitioner, | Civil Action No. 7:06-cv-00288 |
| v. | **MEMORANDUM OPINION** |
| DIRECTOR, VDOC,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Mark Lamont Neamo, proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Neamo challenges the validity of his 2002 convictions in the Circuit Court for the City of Roanoke for capital murder and several other offenses arising from the same course of conduct. For these crimes the court sentenced Neamo to life plus seventy-three years in prison. The court conditionally filed Neamo's petition and notified him that it appeared to be untimely filed, pursuant to 28 U.S.C. § 2244(d)(1). He submitted additional argument in support of timeliness. Upon review of the record, however, the court finds that the petition must be dismissed, as the claims are either untimely or without merit.[1]

I.

Neamo pled guilty, pursuant to a plea agreement, on August 22, 2002, to wearing a mask in public, two counts each of attempted robbery and use of a firearm in the commission of attempted robbery, discharging a firearm in an occupied building, malicious wounding, use of a firearm in the commission of malicious wounding--subsequent offense, capital murder, and use of a firearm in the commission of murder--subsequent offense. The plea agreement stipulated the sentences Neamo would receive for each of these offenses, for a total of life plus seventy-three years in prison. No appeal was filed.

Neamo's first post-conviction proceeding was a petition for a writ of habeas corpus,

---

[1]Rule 4 of the Rules Governing §2254 Cases allows the court to dismiss a habeas petition without a hearing or a response from the state if it is clear from the face of petitioner's pleadings that he is not entitled to relief.

1

pursuant to 28 U.S.C. § 2254, filed in this court on September 3, 2003. The court dismissed that petition on November 25, 2003, without prejudice because Neamo had not first exhausted state court remedies. See Civil Action No. 7:03-cv-00579. On July 25, 2004, Neamo filed a state habeas petition in the Circuit Court for the City of Roanoke, which was dismissed as untimely on February 3, 2005. The Supreme Court of Virginia denied Neamo's subsequent appeal on June 16, 2005. He did not file a petition for a writ of certiorari in the United States Supreme Court.

Neamo executed his current § 2254 petition on April 31, 2006. In his petition, he alleges the following grounds for relief: 1) counsel provided ineffective assistance at the guilty plea phase of trial; 2) counsel failed to file an appeal or a motion to withdraw petitioner's guilty plea as requested; 3) petitioner's guilty plea was involuntary and therefore invalid; and 4) "exhaustion malfeasance" by the state habeas court.

II.

The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of---
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A - D). The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. § 2244(d)(2). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

2

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances prevented him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris, 209 F.3d at 330.

III.

Neamo clearly filed his § 2254 petition late under § 2244(d)(1)(A). His conviction became final on or about September 23, 2002, when his 30-day period to file an appeal expired. See Virginia Code § 8.01-675.3; United States v. Clay, 537 U.S. 522 (2003). On that date, the federal statutory period to file a § 2254 petition began running. The clock stopped when Neamo filed his circuit court habeas petition on July 25, 2004, after 305 days of the filing period had expired.[2] For purposes of this opinion, the court will assume without finding that the federal clock was tolled from July 25, 2004, until dismissal of Neamo's appeal to the Supreme Court of Virginia on June 16, 2005. On that date the federal filing period began running again and expired on or about August 16, 2005. As Neamo did not execute his federal habeas petition until April 2006, it is untimely filed under § 2244(d)(1)(A).

Neamo apparently argues that his filing period should be calculated under §2244(d)(1)(D), as to his claim that the state habeas court erred in dismissing his appeal for failure to provide assignments of error. Until receiving the court's final order in that case, dated June 16, 2005, Neamo did not know the grounds on which his appeal was being dismissed. Even

---

[2]The pendency of Neamo's earlier, federal habeas petition did not toll the filing period under § 2244(d) because the period is tolled only by state post-conviction proceedings. § 2244(d)(2); Duncan v. Walker, 531 U.S. 991 (2001).

3

assuming this claim is timely, however, the allegations do not provide grounds for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492 (4th Cir. 1988) (finding that errors in state habeas proceedings do not provide grounds for relief under § 2254).

Neamo also argues that the statutory period for his other claims should be equitably tolled for two reasons. First, he asserts that counsel failed to respond or act on letters Neamo sent in the weeks after his sentencing, asking to withdraw his guilty plea. While these letters might offer support for a claim that counsel was ineffective, they involve only a brief period after sentencing. Neamo fails to demonstrate any respect in which this alleged misunderstanding with counsel prevented Neamo from filing a timely federal habeas petition.

In his second equitable tolling argument, Neamo asserts that he was "bewildered" by an error the state habeas court made on its final order. A case number in the circuit court's final order of February 3, 2005 was incorrect. Neamo clearly knew that the order referred to his habeas petition, as the content of the order followed closely the court's opinion letter issued January 21, 2005, finding that Neamo was not entitled to habeas relief. As Neamo fails to demonstrate any respect in which the minor, clerical error in the order prevented him from filing a timely federal petition, the court does not find equitable tolling warranted on this ground.

Finally, Neamo submits a copy of an affidavit, dated September 20, 2004, and purportedly signed by Brian Christopher Krug, in which Krug states that he lied about Neamo's involvement in the crimes and that Neamo is innocent. Neamo makes no mention of this affidavit, however, in his federal habeas brief, and it does not relate directly to any of his federal habeas claims. He also does not indicate why this information could not have been discovered earlier with due diligence. Thus, even if he were to explain the affidavit's relevance to his current claims, he fails to demonstrate that it would qualify him to have the filing period calculated under § 2244(d)(1)(D), starting on the date of the affidavit. By itself, the affidavit does not entitle Neamo to habeas relief, as actual innocence (even if Neamo could prove it at a hearing) is not grounds for habeas relief except under extraordinary circumstances not present

here. See Herrera v. Collins, 506 U.S. 390 (1993).[3]

IV.

For the stated reasons, the court finds that Neamo's habeas claims are untimely filed or without merit. Accordingly, the court will dismiss the petition. An appropriate order shall be entered this day. The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253( c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253( c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 26th day of June, 2006.

/s/ James C. Turk
Senior United States District Judge

---

[3] In any event, even if all of Neamo's claims were timely filed, they are clearly barred from federal habeas review under the doctrine of procedural default. The Supreme Court of Virginia dismissed his habeas appeal because he failed to include assignments of error as required under Rule 5:17( c) of the Rules of the Supreme Court. This procedural defect has been upheld as an independent and adequate state law ground for disposition, thus barring federal habeas review. See, e.g., Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999); Yeatts v. Angelone, 166 F.3d 255, 264-65 (4th Cir. 1999).

5